IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

MIDDLE DIVISION

FILED
OCT 18 2007
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA     ) | |
| )| |
| v.                           ) | 4:07-CR-0337-VEH-PWG |
| ) | |
| GARY STEVEN VASILOFF         ) | |

## PLEA AGREEMENT

The United States of America and defendant GARY STEVEN VASILOFF hereby acknowledge the following plea agreement in this case:

## PLEA

The defendant agrees to plead guilty to **COUNTS ONE through TWENTY-TWO** and confess **COUNT TWENTY-THREE** of the Indictment filed in the above numbered and captioned matter. In exchange, the United States Attorney, acting on behalf of the United States and through the undersigned Assistant United States Attorney, agrees to recommend the disposition specified below.

## TERMS OF THE AGREEMENT

**I. MAXIMUM PUNISHMENT:**

Παγε 1 οφ 11

The Parties understand that the maximum statutory punishment that may be imposed for the crime of Production of Child Pornography, in violation of Title 18, United States Code, Section 2251(a), as charged in COUNTS ONE through TWENTY-ONE, is:

    a.    Imprisonment for not less than 15 years nor more than 30 years;

    b.    A fine of not more than $250,000, or,

    c.    Both (a and b);

    d.    Supervised release for not less than 5 years nor more than life; and

    e.    Special Assessment Fee of $100 per count.

The Parties understand that the maximum statutory punishment that may be imposed for the crime of Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B), as charged in COUNT TWENTY-TWO, is:

    a.    Imprisonment for not more than 10 years;

    b.    A fine of not more than $250,000, or,

    c.    Both (a and b);

    d.    Supervised release for not less than 5 years nor more than life; and

    e.    Special Assessment Fee of $100 per count.

## II. <u>FACTUAL BASIS FOR PLEA</u>:

**The defendant hereby stipulates to the accuracy of the following information:**

The Alabama Department of Human Resources Assessment of Children at Risk officials received information and reported the same to the Cherokee County Sheriff's Office (CCSO), advising that Gary Steven Vasiloff had taken nude photographs of his stepdaughter (age 14) using a dildo and posing in other lewd and lascivious positions, and had downloaded the photos from his digital camera onto his personal computer. It was also alleged that the victim had been given alcoholic beverages before the pictures were taken.

On January 23, 2007, the CCSO executed a state search warrant at Vasiloff's residence. Vasiloff's computer was seized, along with other items of evidence, including a digital camera and a dildo. The CCSO utilized the computer analysis services of the Alabama Computer Forensic Lab to analyze Vasiloff's computer. Vasiloff's computer was analyzed and twenty-one images of child pornography depicting the victim were discovered. Seven additional images of the victim depicting breast nudity were also discovered. In numerous of these pictures, the victim can be seen consuming alcoholic beverages she says were given to her by Vasiloff. The images were produced by a Concord camera, which was manufactured in the People's Republic of

China.

The FBI initiated its investigation into the matter after receiving investigative reports from the CCSO on July 17, 2007. On July 31, 2007, an examiner with the Alabama Computer Forensic Lab provided the FBI with a report of examination of Vasiloff's personal computer. The FBI reviewed the report on July 31, 2007, and confirmed that the images of child pornography were in fact of the victim in question.

On August 8, 2007, Vasiloff was arrested on a federal complaint charging him with Possession of Child Pornography. After waiving his rights pursuant to *Miranda*, he confessed to producing the images of child pornography depicting his step-daughter. He admitted that the images had been taken at a deceased relative's abandoned house in Cherokee County, Alabama, between the dates of June 23, 2006, and August 14, 2006. He also turned over the Concord camera used to produce the images.

### III. RECOMMENDED SENTENCE:

Pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government will recommend the following disposition:

> (a) That the defendant be sentenced within the advisory guideline range as that range is determined by the Court on the date sentence

        is pronounced;

  (b)    In calculating the advisory guideline range, the United States will recommend that the defendant receive the maximum credit for acceptance of responsibility for which he is eligible pursuant to U.S.S.G. § 3E1.1.

  (c)    That the defendant pay a special assessment fee of $2200, said amount due and owing as of the date sentence is pronounced.

## IV. <u>WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF</u>:

As a term and condition of this Plea Agreement I, GARY STEVEN VASILOFF, hereby waive my right to appeal my conviction in this case, any fines, restitution, and/or sentence (including one for revocation of release) that the court might impose upon me, and the right to challenge any sentence so imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255, subject to the following limitations:

The defendant reserves the right to contest in an appeal or post-conviction proceeding:

  (a)    Any sentence imposed in excess of the applicable statutory maximum sentence(s).

The defendant acknowledges that before giving up these rights, he discussed the Federal Sentencing Guidelines and their application to his case with his attorney, who explained them to his satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

I, **GARY STEVEN VASILOFF**, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

_____
GARY STEVEN VASILOFF

## V. UNITED STATES SENTENCING GUIDELINES:

Counsel has explained to the defendant, that in light of the United States Supreme Court's recent decision in United States v. Booker, 125 S.Ct. 738 (2005), the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT:

The Parties fully and completely understand and agree that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT**, and that the Court need not accept the government's recommendation. Further, the defendant understands that if the Court does not accept the government's recommendation, he does not have the right to withdraw his plea.

## VII. VOIDING OF AGREEMENT:

The defendant understands that should he (a) violate any federal, state, or local law after entering into this Plea Agreement, (b) move the Court to accept his plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or (c) tender a plea of *nolo contendere* to the charges, the agreement will become NULL and VOID, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained therein.

## VIII. OTHER DISTRICTS AND JURISDICTIONS:

The parties understand and agree that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## IX.   TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS:

Unless otherwise specified herein, the parties understand and acknowledge that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

## X. DEFENDANT'S UNDERSTANDING:

I have read and understand the provisions of this agreement consisting of eleven (11) pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further have been advised, and understand, that under the Sex Offender

Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current includes informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18, United States Code, Section 2250, which is punishable by a fine or imprisonment, or both.

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated hereafter:

[     N/A                                                              ]
(if none, write "N/A")

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this

Agreement and have signed the signature line below to indicate I have read and approve all of the previous paragraphs of this Agreement, and understand all of the provisions of this Agreement, both individually and as a total binding agreement.

Oct-18,07
DATE

GARY STEVEN VASILOFF
Defendant

## XI. COUNSEL'S ACKNOWLEDGMENT:

I have discussed this case with my client in detail and have advised him of his rights and all possible defenses. My client has conveyed to me that he understands this

Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea as indicated above and on the terms and conditions set forth herein.

10/18/04
DATE

ROBERT TUTEN, ESQ.
Defendant's Counsel

## XII. GOVERNMENT'S ACKNOWLEDGMENT:

I have reviewed this matter and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

ALICE H. MARTIN
United States Attorney

by:

10-18-2007
DATE

MARY STUART BURRELL
Assistant United States Attorney